# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

GLENN E. STARNES, JR.
f/d/b/a STARNES PRODUCE
DANIELLE STARNES
a/k/a DANIELLE GREY

Case No.  09-30487

Debtors

N. DAVID ROBERTS, JR., TRUSTEE

Plaintiff

v.

Adv. Proc. No.  09-3171

GLENN E. STARNES, JR.
DANIELLE STARNES

Defendants

## MEMORANDUM ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

**APPEARANCES:**   N. DAVID ROBERTS, JR., ESQ.
　　　　Post Office Box 2564
　　　　Knoxville, Tennessee 37901
　　　　Attorney for Plaintiff

　　　　LAW OFFICES OF MAYER & NEWTON
　　　　John P. Newton, Jr., Esq.
　　　　1111 Northshore Drive
　　　　Suite S-570
　　　　Knoxville, Tennessee  37919
　　　　Attorneys for Defendants/Debtors

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion For Summary Judgment filed by the Plaintiff on January 13, 2010, averring that there are no genuine issues of material fact and that his Complaint filed on September 14, 2009, objecting to the Defendants' discharge under 11 U.S.C. § 727(a)(6) (2006), should be sustained and their discharge denied. Filed in support of the Motion For Summary Judgment are the Statement of Summary Judgment Facts, the Affidavit of N. David Roberts, Jr. with a letter to the Plaintiff dated September 16, 2009, from Casey L. Caldwell, Esquire, attached, and the Plaintiff's Brief in Support of Motion For Summary Judgment. As required by E.D. Tenn. LBR 7007-1 and the January 13, 2010 pretrial Order, the Defendants' response to the Motion For Summary Judgment was to be filed within 21 days, or by February 3, 2010. The Response to Motion For Summary Judgment filed on February 10, 2010, is untimely, and has not been considered by the court. The court considers the Plaintiff's Motion For Summary Judgment to be unopposed and the facts set forth in his Statement of Summary Judgment Facts to be admitted. *See* E.D. Tenn. LBR 7007-1(a); E.D. Tenn. LBR 7056-1(b).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings pursuant to FED. R. BANKR. P. 7056). When faced with a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted; instead, it simply determines whether a genuine issue for trial exists, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). As the

2

movant, the Plaintiff bears the initial burden of proof that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Owens Corning v. National Union Fire Insurance Company*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Defendants, as the nonmoving party, to provide sufficient proof of a genuine issue for trial through the use of affidavits or other evidence, FED. R. CIV. P. 56(e)(2), but not solely through reliance upon the allegations or denials contained in the pleadings, as reliance upon a "mere scintilla of evidence in support of the non-moving party is insufficient." *Nye v. CSX Transportation, Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Harris v. General Motors Corporation*, 201 F.3d 800, 802 (6th Cir. 2000).

The court views the facts and all resulting inferences in a light most favorable to the nonmoving party and will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

The Plaintiff's action is grounded upon his contention that the Defendants have refused to obey an Order entered on May 29, 2009, directing them to turn over $1,653.00 to the Plaintiff within thirty days and that their failure to turn over the funds requires the denial of their discharge pursuant to § 727(a)(6). This section provides, in material part, that the discharge shall be granted "unless . . . the debtor has refused, in the case – to obey any lawful order of the court, other than an order to

3

respond to a material question or to testify[.]" 11 U.S.C. § 727(a)(6)(A). In addition to reviewing the facts presented by the Motion For Summary Judgment in a light most favorable to the Defendants, the court must also construe § 727(a) more liberally in favor of the Defendants, and the Plaintiff bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); FED. R. BANKR. P. 4005.

A majority of courts has held that the statutory term "refused" in § 727(a)(6)(A) requires an element of willfulness and intent, *McDow v. Gardner (In re Gardner)*, 2008 Bankr. LEXIS 4304, at *7-8, 2008 WL 2766079, at *3 (Bankr. D.D.C. July 14, 2008), while a minority of courts has held that a § 727(a)(6)(A) action should be treated as one for civil contempt, requiring merely proof that the debtor had knowledge of the order, the debtor violated the order, and the violated order was specific and definite. *Fidelity & Guaranty Life Ins. Co. v. Settembre (In re Settembre)*, 2010 Bankr. LEXIS 331, at *23, 2010 WL 420561, at *8 (Bankr. W.D. Ky. Feb. 1, 2010). In either event, however, because a debtor may present factual proof in defense of the objection to discharge, whether it is proof of the debtor's intent under the majority view, or the debtor's inability or impossibility to comply under the minority view, it would be inappropriate to grant summary judgment. *See Ohio Carpenters' Pension Fund v. Aerni (In re Aerni)*, 402 B.R. 801, 807 (Bankr. N.D. Ohio 2009) (citing *Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir. 2002)); *Settembre*, 2010 Bankr. LEXIS 331, at *24, 2010 WL 420561, at *9 (citing *United States v. Bryan*, 70 S. Ct. 724, 730-32 (1950)).

The following facts set forth by the Plaintiff are undisputed. The Defendants filed the Voluntary Petition commencing their Chapter 7 case on February 3, 2009, and the Plaintiff was duly

4

appointed Chapter 7 Trustee. STMT. SUMM. JUDG. FACTS at ¶¶ 1-2. The meeting of creditors was held on March 10, 2009, and continued to April 20, 2009, at which time it was completed. STMT. SUMM. JUDG. FACTS at ¶ 4. Based upon his review of the Defendants' statements and schedules and other documentation, the Plaintiff determined that they owed the estate non-exempt funds and made demand upon the Defendants. STMT. SUMM. JUDG. FACTS at ¶ 4. A notice of assets was requested and sent by the clerk to creditors on March 17, 2009, asking that claims be filed. STMT. SUMM. JUDG. FACTS at ¶ 4. On May 5, 2009, the Plaintiff filed a motion for turnover of $1,653.00 in non-exempt funds, which was not opposed or otherwise responded to by the Defendants. STMT. SUMM. JUDG. FACTS at ¶¶ 5-6. Following a hearing held May 28, 2009, on the motion for turnover, an Order was entered on May 29, 2009, directing the Defendants to turn over $1,653.00 to the Plaintiff within thirty days. STMT. SUMM. JUDG. FACTS at ¶ 6. The Defendants did not appeal the May 29, 2009 Order, which is now a final order. STMT. SUMM. JUDG. FACTS at ¶ 7. The Defendants have not paid any funds to the Plaintiff as directed by the May 29, 2009 Order. STMT. SUMM. JUDG. FACTS at ¶ 9; ROBERTS AFF. at ¶ 2. On July 27, 2009, the Defendants filed amendments to Schedules B and C, exempting all but $423.00 of the $1,653.00; however, they have likewise not paid the acknowledged $423.00 to the Plaintiff. STMT. SUMM. JUDG. FACTS at ¶ 10; ROBERTS AFF. at ¶¶ 2-3, Ex. 1.

Because the Defendants failed to timely respond to the Motion For Summary Judgment, the facts and proof submitted into the record by the Plaintiff are undisputed. Nevertheless, the court must construe § 727(a)(6) liberally in favor of the Defendants, and the Plaintiff, as the party objecting to discharge, bears the burden of proof by a preponderance of the evidence not only that

5

the May 29, 2009 Order was entered but that the Defendants refused to obey it. Since the Defendants' intent is an issue and the Plaintiff has not offered any evidence into the record concerning their intent, there are genuine issues of material fact only as to the Defendants' intent with respect to the May 29, 2009 Order. As such, the Motion For Summary Judgment filed by the Plaintiff on January 13, 2010, will be denied.

An order consistent with this Memorandum will be entered.

FILED:  February 23, 2010

                              BY THE COURT

                              /s/  RICHARD STAIR, JR.

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE